4 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEWIS PALMER, Appellant.— Judgment unanimously affirmed. Memorandum: The indictment upon which defendant was tried contained three counts, the first and second charging rape in the first degree, the third charging assault in the second degree with intent to commit rape. He was acquitted on the rape counts and found guilty on the assault count. The trial court charged the jury that corroboration was necessary to support a conviction for rape but was not necessary to sup-

port a conviction for the alleged assault. No exception was taken to that instruction. The defendant now for the first time on this appeal claims that this was error requiring a reversal of the conviction and dismissal of the indictment. There is no separate statute requiring corroborative evidence in order to support a conviction for assault with intent to commit rape similar to section 2013 of the Penal Law requiring corroboration for rape. It has been held that this section does not apply to assault with intent to commit rape and consequently that corroboration is not necessary to support such a charge. (*People* v. *Chimino*, 270 App. Div. 114, affd. 296 N. Y. 554; *People* v. *Wasserbach*, 271 App. Div. 756.) Recent decisions however have overruled these cases. The Court of Appeals has now held that section 2013 does apply and that corroboration is required to support a conviction for assault with intent to commit rape when the indictment alleges that the act of sexual intercourse was perpetrated (*People* v. *Lo Verde*, 7 N Y 2d 114) or when testimony as to an actual rape has been received (*People* v. *English*, 16 N Y 2d 719; *People* v. *Polite*, 16 N Y 2d 1060; *People* v. *Weems*, 17 N Y 2d 598.) In our opinion, the jury was erroneously instructed that no corroboration was necessary in order to convict for the alleged assault. This error, however, does not mandate a reversal. In the absence of any exception this court has no power to reverse on the law because of defects in the charge. (Code Crim. Pro., § 420-a; *People* v. *Cohen*, 5 N Y 2d 282, 290.) We may reverse, of course, in the interest of justice regardless of objections or exceptions (cf. *People* v. *Kelly*, 12 N Y 2d 248) but we decline to exercise that right on the present record. Furthermore, the record shows that the testimony of the complaining witness was sufficiently corroborated by other evidence to support the verdict, thus distinguishing the present case from *English*, *Polite* and *Weems* (*supra*). (Appeal from judgment of Monroe County Court, convicting defendant of assault, second degree, with intent to commit rape.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.