THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SPIEGEL, Appellant.

First Department, December 20, 1977

**APPEARANCES OF COUNSEL**

*Patrick M. Wall* for appellant.

*Ronny Greenwald Siegal* of counsel *(Mario Merola, District Attorney)*, for respondent.

**OPINION OF THE COURT**

LANE, J.

William Spiegel, the owner and operator of a nursing home, was convicted after a jury trial of the crimes of grand larceny in the second degree and grand larceny in the third degree.

The evidence adduced against the defendant Spiegel came primarily from the testimony of his bookkeeper, who, *inter alia,* identified items and ledger entries. Our dissenting brethren would remand this case for a new trial to submit to the jury as a question of fact whether or not the bookkeeper was an accomplice. We in the majority would affirm the conviction.*

An accomplice is defined in the Criminal Procedure Law as:

"[A] witness in a criminal action who, *according to evidence adduced in such action,* may reasonably be considered to have participated in:

"(a) The offense charged; or

"(b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged." (CPL 60.22, subd 2; emphasis added.)

It is clear that the statutory language itself mandates an

---

\* We have simultaneously affirmed the conviction of Spiegel's codefendant *(People v Bryant,* 60 AD2d 547).

evidentiary showing that the witness in question may reasonably be considered to have participated in the offense charged. The case law construing the statute confirms this mandate *(People v Basch,* 36 NY2d 154, 157; *People v Baker,* 46 AD2d 377, 380).

■ The testimony of the bookkeeper, Jean Goldstein, takes up over 300 pages of transcript. An analysis of her testimony does not reveal any indication that the bookkeeper knew that any fraud was being perpetrated. Nor does it reveal that the bookkeeper in the performance of her duties was possessed of any criminal intent. She cannot therefore be deemed an accomplice *(People v Baker, supra).* The dissent points to one allusion to an alleged knowledge of the fraud when a check, drawn on the account of one of the residents of the home, was to be disbursed and the bookkeeper inquired of the defendant Spiegel whether the check was to be divided "fifty-fifty," between Spiegel and his codefendant Bryant. It would appear that that single item of evidence standing alone is an insufficient evidentiary base to submit to the jury a question of whether or not the bookkeeper was an accomplice.

■ The indication of the prosecutor, made *en passant,* that Mrs. Goldstein acted in concert with the defendant does not, even when added to the "fifty-fifty" statement, create an issue of fact as to whether she was an accomplice. Indeed, throughout the trial Mrs. Goldstein was considered by everyone as a mere functionary rather than a participating accomplice. More importantly, it should be noted that not only did the court not instruct the jury with regard to the bookkeeper being an accomplice but no such request to charge was made by defense counsel, nor was any exception in that regard taken to the instructions to the jury given by the Judge. Absent such protest, the defendant has not preserved this issue for appeal (CPL 470.05, subd 2; *People v Vidal,* 26 NY2d 249; cf. *People v Bryant,* 31 NY2d 744, 745), and accordingly reversal as a matter of law is not warranted.

■ ■ Furthermore, reversal in the interest of justice is equally unwarranted in the case at bar. The requirement of corroboration of certain crimes does not constitute an element of the crime itself but is, rather, an additional protective procedural device *(People v Johnson,* 46 AD2d 55, 58, affd 38 NY2d 956). In any event, in the case at bar, evidence corroborative of the bookkeeper's testimony, in the form of documentary evidence, was adduced which precludes the necessity of a

new trial *(People v Johnson, supra; People v Palmer,* 26 AD2d 892, 893). In view of the fact that the evidence against Spiegel was overwhelming, and in further view of the fact that there is no significant probability that the jury would have acquitted the defendant had there been an additional charge on the issue of corroboration of the testimony of the bookkeeper, reversal in the interest of justice is not warranted *(People v Crimmins,* 36 NY2d 230, 243).

Accordingly, the judgment of the Supreme Court, Bronx County (DROHAN, J.), rendered September 30, 1975, convicting the defendant after a jury trial of the crimes of grand larceny in the second degree and grand larceny in the third degree, should be affirmed.

KUPFERMAN, J. P. (dissenting). The defendant is the owner of a nursing home facility. His codefendant, whose conviction we have simultaneously herewith affirmed *(People v Bryant,* 60 AD2d 547) was a hospital caseworker. The caseworker with written authorization to the bank, withdrew sums of money from the bank accounts of elderly patients with whom he was friendly. He secured bank checks payable to the nursing home owned by the defendant herein and would then advise the defendant's bookkeeper how the funds should be disbursed, in each instance a portion thereof being paid to the caseworker by a check drawn by the bookkeeper and signed by this defendant. The sole evidence against this defendant was presented by the bookkeeper, and the issue which we deem dispositive, is whether the bookkeeper was an accomplice whose testimony needed corroboration.

"A witness may be stamped as an accomplice if there is an evidentiary showing from which he or she may reasonably be considered to have participated in the offense charged or an offense based upon the same or some of the same facts or conduct which constitute the offense charged. If the undisputed evidence establishes that a witness is an accomplice, the jury must be so instructed but, if different inferences may reasonably be drawn from the proof regarding complicity, according to the statutory definition, the question should be left to the jury for its determination [citing cases]" *(People v Basch,* 36 NY2d 154, 157).

There was evidence to establish that the bookkeeper, Mrs. Goldstein, knew that it was Mrs. Apotheker's money which was being turned over to Bryant at the defendant's direction, that the proceeds of at least one of the checks she drew were

to be divided "fifty-fifty" between defendant and Bryant, that the checks were to be cashed with defendant's approval, and that with respect to Mrs. Apotheker's checks in issue there were no invoices, unlike the regular pattern in the nursing home office which required invoices to support checks drawn. Although there is no evidence to establish that she profited in any way from these transactions, it was a question of fact for the jury whether she was an accomplice. Indeed, the prosecutor in response to a question from the Trial Judge, indicated that she was one of those who acted in concert with defendant. On this basis she "may reasonably be considered to have participated" (see CPL 60.22, subd 2 and Denzer, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL, p 194). Even though she may not have participated with the *mens rea* required for culpability with respect to the offense charged, a reasonable view of the evidence could support the proposition that she "criminally facilitated" (Penal Law, § 115.00) the commission of the offense of which defendant was found guilty and hence that she was an accomplice *(People v Basch, supra)*.

Under the circumstances, we believe that the question should have been presented to the jury for its determination.

Accordingly, we would reverse the judgment appealed from and remand the matter for a new trial.

LUPIANO and CAPOZZOLI, JJ., concur with LANE, J.; KUPFERMAN, J. P., and BIRNS, J., dissent in an opinion by KUPFERMAN, J. P.

Judgment, Supreme Court, Bronx County, rendered on September 30, 1975, affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5).