OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On appeal to this court the defendant has correctly conceded the issue which divided the Appellate Division concerning the trial court’s alleged failure to charge the accomplice rule, without request or objection by the defendant. He claims however that the proof at trial is legally insufficient to sustain the conviction.
The prosecutor submitted proof that the codefendant, Bryant, withdrew large sums of money from the accounts of two patients, one of whom had not authorized withdrawals of these amounts, and the other of whom was in the advanced stages of senility; that the withdrawal checks, made out to the defendant’s nursing home, were accepted by the home and that the defendant in turn issued and personally signed checks to Bryant, generally representing one half of the face amount of the withdrawal. Although the defendant’s involvement in this scheme was documented by his own business records he claims that the proof was insufficient to show that he was anything more than an innocent dupe.
But there was also proof, including the defendant’s business records, that he used a substantial amount of the money he received to pay outstanding or uncollectible bills of other patients some of whom had left the facility, and that the remainder was often applied to the accounts of the patients who had been victimized, far in excess of the amounts due to the defendant. From this evidence, together with the magni *649 tude, frequency and irregular nature of these transactions with Bryant, the jury could have found beyond a reasonable doubt, as it did, that the defendant was a party to the scheme to steal the money of these aged patients.
Chief Judge Cooks and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.