THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GENE SCALISE, Respondent.

Third Department, November 1, 1979

APPEARANCES OF COUNSEL

*D. Bruce Crew, III, District Attorney,* for appellant.

*Liston F. Coon* for respondent.

**OPINION OF THE COURT**

SWEENEY, J. P.

On March 5, 1975, a dairy barn was completely destroyed by fire. Defendant was indicted for the crimes of arson in the third degree and conspiracy in the second degree in connec-

tion with this fire. A statement made by another individual was read to the Grand Jury by a State trooper in which the individual admitted setting the barn on fire, claimed that the defendant offered him $500 to burn down the barn and stated that after the barn was destroyed, he received a box from defendant's wife containing $500. Defendant's wife (now divorced) testified before the Grand Jury as to certain inculpatory remarks made by defendant to her in the presence of other people, and she also testified that defendant gave her an envelope containing $500 and instructed her to give it to the individual previously mentioned whose statement was read to the Grand Jury. Three of the defendant's neighbors also testified before the Grand Jury as to various inculpatory statements made to them by defendant.

■ ■ Upon defendant's motion, the indictment was dismissed and this appeal ensued. In dismissing the indictment, the court found that the testimony of defendant's former wife was privileged communication and, thus, inadmissible pursuant to CPLR 4502 (subd [b]). We disagree. The marital privilege is inapplicable except to those statements which would not have been made but for the absolute confidence in, and induced by, the marital relationship (*People v Melski,* 10 NY2d 78). In the present case, defendant's statements made to his wife were made in the presence of others. As for the defendant's delivery of the envelope containing the money to his wife, the envelope was given to a third party and there was no statement by the husband to the wife as to what the money was for. Consequently, the marital privilege provided by CPLR 4502 (subd [b]) did not render the testimony of defendant's former wife inadmissible.

■ The County Court also determined that defendant's former wife was an accomplice and that her testimony was required to be corroborated pursuant to CPL 60.22. We also disagree with this determination. An accomplice is defined as a witness who may reasonably be considered to have participated in the offense charged or an offense based upon the same or some of the same facts or conduct which constitute the offense charged (CPL 60.22, subd 2, pars [a], [b]). Intent, however, always enters as an element of the crime (*People v Wheatman,* 31 NY2d 12, cert den *sub nom. Marcus v New York,* 409 US 1027; *People v Baker,* 46 AD2d 377). An examination of the testimony of defendant's former wife does not reveal that she had any knowledge of her husband's alleged

criminal intent. Consequently, she cannot be deemed an accomplice (see *People v Spiegel,* 60 AD2d 210) and no corroboration of her testimony was necessary.

■ Finally, the County Court found that the statement of the individual admitting setting the fire did not come within the hearsay rule exception set forth in *People v Brown* (26 NY2d 88) or CPL 190.30 (subd 3) and, therefore, was improperly read to the Grand Jury without instructions that it could not be considered legal evidence against the defendant. In *People v Brown (supra)* the defendant sought to use another person's declaration against penal interest in order to prove he was acting in self-defense and the Court of Appeals held that such an exculpatory declaration would be admissible under certain circumstances. The Court of Appeals has more recently concluded that inculpatory declarations against penal interest may be admissible against an accused *(People v Maerling,* 46 NY2d 289). The necessary elements to qualify a statement for admission into evidence as a declaration against the maker's penal interest have been enumerated as follows *(People v Settles,* 46 NY2d 154, 167): "[F]irst, the declarant must be unavailable as a witness at trial; second, when the statement was made the declarant must be aware that it was adverse to his penal interest; third, the declarant must have competent knowledge of the facts underlying the statement; and fourth, and most important, supporting circumstances independent of the statement itself must be present to attest to its trustworthiness and reliability".

■ There can be little doubt that the second and third elements are present in the instant case. We are also of the view, upon examination of the record, that there is sufficient evidence, independent of the declaration itself, which establishes a reasonable possibility that the statement might be true. Regarding the remaining requirement of unavailability, it must be noted that we are here concerned with a Grand Jury proceeding and that if the declarant was compelled to testify he would have received immunity pursuant to CPL 190.40. Under these circumstances, it is the opinion of this court that such a declarant be considered unavailable. The essential prerequisites having been met, the County Court erred in ruling that the statement of the individual admitting setting the fire was improperly admitted before the Grand Jury.

■ We reject defendant's argument that the statement was

inadmissible under the ruling of the United States Supreme Court in *Bruton v United States* (391 US 123). It was there held that the admission of a codefendant's confession in a joint trial violated the defendant's right of cross-examination secured by the confrontation clause of the Sixth Amendment *(Bruton v United States, supra,* p 126). In a Grand Jury proceeding, there is no right of cross-examination and this defendant, therefore, was not deprived of any right by the admission of the statement. It must be pointed out, however, that *Bruton* may preclude the admission of the statement at defendant's trial unless certain exceptions are applicable (see *People v Baker,* 26 NY2d 169).

We conclude that the evidence was sufficient to support the indictment and, accordingly, the order should be reversed, on the law, the indictment reinstated and the matter remitted to the County Court of Chemung County for further proceedings not inconsistent herewith.

KANE, STALEY, JR., MIKOLL and HERLIHY, JJ., concur.

Order reversed, on the law, indictment reinstated, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent herewith.