Wachtler, J.
(dissenting in part and concurring in part). I agree with the majority that any question concerning corroboration of accomplices’ testimony must be preserved for review (see, e.g., People v Spiegel, 48 NY2d 647). Thus I join in the court’s opinion insofar as it relates to the defendants Reitano, Maroney, Brown, Carter, Conti, Cona and Auletta, in which cases no questions of law were preserved for review and thus the Appellate Division erred in reversing on the law (see People v Williams, 31 NY2d 151, 154).
With respect to the defendants Zummo and Mattina, I agree with the reasoning and disposition of Judge Jasen in his partial dissent. The effectiveness of undercover investigations in this State will be seriously undermined if the People are required to corroborate all the testimony of undercover police officers, or agents, who had previously been criminally involved in bribery or other corrupt activities.
Judges Jones, Fuchsberg and Meyer concur with Judge Gabrielli; Judge Jasen dissents in part and votes to modify in a separate opinion; Judge Wachtler dissents in part and *47 votes to modify in a memorandum in which Chief Judge Cooke concurs.
Order modified by reinstating the convictions of defendants Reitano, Maroney, Brown, Conti, Carter, Cona and Auletta and the case as to those defendants remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.