## (April 16, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT H. ALESCHUS, JR., Appellant. — Appeal from a judgment of the County Court of Rensselaer County, rendered May 23, 1979, upon a verdict convicting defendant of the crimes of burglary in the second degree and grand larceny in the third degree. Defendant Albert Aleschus was convicted, following a jury trial, of burglary in the second degree and grand larceny in the third

degree. The events on which this conviction is based transpired in December, 1976. On one day that month, defendant went hunting with Donald Whitacre, Gary Jeffries, Kevin Gilman and Todd Edmonds. The latter, an admitted accomplice, testified that the hunting party proceeded to Petersburg, Rensselaer County, where they broke up into two groups; that Whitacre and Jeffries went in one direction, and he, defendant, and Gilman went in another direction and this latter group thereafter burglarized a house; that the stolen property was brought back to the vehicle where Whitacre and Jeffries were already present; and that after the property was loaded into the car, Whitacre and Jeffries were taken home. At trial, the testimony of Whitacre and Jeffries confirmed this version of the events. The court charged the jury, *inter alia,* that "Edmonds is an accomplice" and "It is a question of fact as to whether Jeffries and Whitacre can be considered accomplices". In other words, the court left it to the jury to determine whether Jeffries and Whitacre were accomplices. On this appeal, defendant contends that since it was a question of fact as to whether they were accomplices, the court should have further charged that the testimony of one accomplice may not be used to corroborate the testimony of another accomplice. In our view, however, the trial court erred in submitting to the jury, *sua sponte,* the question of the accomplicity of these two witnesses when this record fails to reveal any involvement whatever by them in the crimes with which the defendant was charged and of which he was convicted. To be an accomplice under CPL 60.22, a witness must "be *'in some way* criminally implicated in, and possibly subject to, prosecution for the general conduct or factual transaction on trial.' Put another way, to be an accomplice, one would necessarily have to be at least potentially subject to sanctions of a penal character for *** participation in the crimes of the defendant on trial" *(People v Fielding,* 39 NY2d 607, 610). The accomplice's participation may be "in an offense based upon *some* of the same facts or conduct which make up the offense on trial" *(People v Berger,* 52 NY2d 214, 219). Indisputably, upon arriving at the hunting site in the same car, the witnesses Jeffries and Whitacre went off together to hunt on their own, separate and apart from the defendant and his other two companions, Edmonds and Gilman. Jeffries and Whitacre did not even know about, much less participate in, the commission of the crimes of burglary in the second degree and grand larceny in the third degree, committed by the defendant, until at the end of the day's hunt the defendant and his two companions, Edmonds and Gilman, returned with the fruits of the crimes to the car where Jeffries and Whitacre were waiting. Whatever offenses may be charged against Jeffries and Whitacre after that time, it is apparent that they were in no way implicated in any of the facts or conduct which make up the crimes with which the defendant was charged and, therefore, they could not be considered accomplices *(People v Spiegel,* 60 AD2d 210, affd 48 NY2d 647). In these circumstances, the charge of the trial court that the jury could find Jeffries and Whitacre accomplices as a matter of fact was superfluous and was, therefore, harmless error. Having so concluded, it necessarily follows that there was no need for the trial court to instruct the jury on how it should proceed if it found these witnesses to be accomplices. The jury should have been permitted to evaluate the testimony of Jeffries and Whitacre in the same manner as the testimony of any other nonaccomplice witness and should have been instructed that if believed, their testimony was sufficient to corroborate the testimony of Edmonds, an accomplice, as a matter of law. Since this is effectively what occurred here, we see no need to disturb the conviction, particularly in light of defendant's failure to except to the

charge. Judgment affirmed. Mahoney, P.J., Kane and Casey, JJ., concur; Weiss, J., concurs in a separate memorandum; Sweeney, J., dissents and votes to reverse in a memorandum.

Weiss, J. (concurring). Defendant argues that the court erred (1) in failing to inform the jury that if witnesses Jeffries and Whitacre were found to be accomplices, their testimony could not be used to corroborate Edmond's testimony and (2) by instructing the jury that " '[t]he law presumes that a person intends the ordinary consequences of his voluntary acts' ", which language was found to be unconstitutional in *Sandstrom v Montana* (442 US 510, 513) because it impermissibly shifts the burden of proof on intent from the prosecution to the defense. I agree that the conviction must be affirmed. The trial court's instruction concerning the need for corroboration of accomplice testimony is clear and the charge adequately defined an accomplice and identified those witnesses who the jury could find were accomplices. Given that Whitacre and Jeffries were waiting in the car when the three perpetrators of the crime returned, it is reasonable to believe that the jury found them not to be accomplices. I also find that the trial court adequately instructed the jury that the burden to prove criminal intent was on the prosecution and did not shift the burden to disprove intent to the defense because the presumption of intent instruction was adequately explained *(People v Thomas,* 50 NY2d 467). Moreover, certain knives taken from the house and given by Edmonds to his mother were, after identification by Mrs. Edmonds and the police, and police testimony concerning the identification of the knives by the victim, admitted as People's Exhibit No. 4 in evidence. This exhibit provides additional independent corroboration. The judgment should be affirmed.

Sweeney, J. (dissenting). I am unable to agree with the result reached by the majority and the concurring opinion to affirm and, therefore, dissent and vote to reverse. In my view, the trial court properly left it to the jury to determine whether Jeffries and Whitacre were accomplices (see CPL 60.22, subd 2; *People v Basch,* 36 NY2d 154, 157). Furthermore, the defendant took no exception. Consequently, the court, as urged by defendant on this appeal, should have further charged that the testimony of one accomplice may not be used to corroborate the testimony of another accomplice. Such failure, in my opinion, was error. Although it may be argued that the error does not require reversal where the record demonstrates the presence of sufficient independent corroborative evidence (see *People v Lebovitz,* 31 AD2d 960, affd 26 NY2d 924), my examination of the entire record reveals an absence of the necessary corroboration. While Edmond's mother testified that she received a knife set from her son and the victim testified that a knife set was stolen from his house, the victim never identified, at trial, the knives in evidence as being the ones stolen. Nor was any of the stolen property recovered from the defendant. Consequently, the judgment must be reversed and a new trial ordered.