*499 OPINION OF THE COURT
Elisa S. Koenderman, J.
The defendant, Juan Leyva, is charged with one count of criminal sale of marijuana (Penal Law § 221.40) and one count of unlawful possession of marijuana (Penal Law § 221.05). Defendant moves to dismiss the count charging him with sale of marijuana as facially insufficient, and for other procedural relief. The issue before the court is whether a police officer’s allegation that a separately arrested individual made a statement incriminating the defendant is inadmissible hearsay, and, thus, insufficient to convert a complaint into an information charging defendant with the sale of marijuana.
The accusatory instrument alleges that on September 4, 2007 at East 33rd Street and First Avenue in the County of New York, State of New York, defendant Leyva was inside a truck. The deponent officer alleges that he observed an individual referred to as “Pino” enter the truck in which defendant was located, and that, upon exiting, Pino was stopped by the deponent officer and was found to be in possession of two jars of marijuana. The deponent officer further alleges that Pino stated, “I got it from Leyva.”
An information is facially sufficient if it meets three requirements. It must substantially conform to the formal requirements of CPL 100.15. Additionally, the factual portion and any accompanying depositions must provide reasonable cause to believe the defendant committed the offense charged, as well as nonhearsay factual allegations of an evidentiary character which, if true, establish every element of the offense charged and defendant’s commission thereof (CPL 100.15 [3]; 100.40 [1]; see People v Dumas, 68 NY2d 729 [1986]; see also People v Alejandro, 70 NY2d 133 [1987]).
A misdemeanor complaint (which may rely upon hearsay) is converted into an information (which may rely on hearsay only if it would be admissible at trial under a recognized exception) “when sufficient supporting depositions are filed that remove all hearsay from the complaint and thereby establish a prima facie case against the defendant” (People v Flores, 189 Misc 2d 665, 666 [Crim Ct, Queens County 2001]; see also People v Rich-berg, 125 Misc 2d 975 [Crim Ct, NY County 1984]). The non-hearsay requirement is generally construed to include a deponent’s direct, firsthand observations as well as hearsay evidence that would be admissible at trial under some exception to the rule against hearsay (see People v Casey, 95 NY2d 354, 361 *500 [2000], citing Marks et al., New York Pretrial Criminal Procedure § 3.7, at 109 [7 West’s NY Prac Series 1996], and People v Belcher, 302 NY 529, 534-535 [1951]).
Various hearsay allegations that fall under exceptions to the rule against hearsay have been found to provide legally sufficient support for misdemeanor informations. These include a police detective’s allegation that an order of protection was served on a defendant based on a certified copy of the order with defendant’s signature acknowledging service, admissible under the public documents or official entry exception (People v Casey, 95 NY2d at 361-362) and a defendant’s admission to an officer that he had been served (id. at 362); police department records documenting car theft, admissible as business records (People v Fields, 74 Misc 2d 109 [Nassau Dist Ct 1973]); a copy of a temporary order of protection along with subscribed, certified stenographic transcripts of the proceeding at which the order was issued, admissible as business records and public documents (People v Henry, 167 Misc 2d 1027 [Nassau Dist Ct 1996]); defendant’s own self-incriminating oral statements made to a deponent officer, admissible as admissions (People v Alvarez, 141 Mise 2d 686, 688 [Crim Ct, NY County 1988]); and a complainant’s statements made to a police officer, admissible as excited utterances (People v Solomon, 2002 NY Slip Op 50712[U] [Crim Ct, Kings County 2002]; see also People v Vickers, 17 Misc 3d 1113[A], 2007 NY Slip Op 51947[U] [Crim Ct, Kings County 2007]).
In this case, the statement set forth in the arresting officer’s deposition is of crucial importance to the count that charges defendant with the sale of marijuana; without it, there is no proof whatsoever that defendant Leyva unlawfully provided marijuana to another under Penal Law § 221.40. This statement, as recounted by the deponent officer and included in his sworn statement for the truth of the matter asserted, is clearly hearsay; Pino’s statement to the deponent officer is not sworn to by Pino in a separate supporting deposition. The only question that remains is whether or not any of the exceptions apply.
In considering this motion, the court is mindful of the reasons behind the rule against hearsay, “one of the most important exclusionary rules in the law of evidence” (Prince, Richardson on Evidence § 8-101 [Farrell 11th ed]). Reliability and trustworthiness are at the heart of the issue; without cross-examination at trial, there is no mechanism by which to test the “witness’ veracity, accuracy of perception, ability to recall past events cor *501 rectly — in brief, the cross-examiner is given the opportunity to lay bare whatever weakness there may be in the witness’ story, and the trier of fact has the opportunity to assess credibility by observing the demeanor of the witness” {id. § 8-102).
Nevertheless, the Court of Appeals has held that third-party declarations against penal interest may be admissible at trial against an accused (People v Maerling, 46 NY2d 289 [1978]) noting, “One thing is clear: the severe sanctions potentially attendant upon a conviction for crime, whether by way of imprisonment or fine or both, make admissions of guilt among the most disserving of declarations” (id. at 297). Thus, given the enhanced necessity for truthfulness and reliability of evidence admitted at trial, it is clear that the reasoning behind the Maerling holding extends to accusatory instruments as well, where the standard of proof is far less stringent.
As set forth in People v Settles (46 NY2d 154, 167 [1978]) the requirements for admitting a statement into evidence as against the declarant’s penal interest are as follows:
“[F]irst, the declarant must be unavailable as a witness at trial; second, when the statement was made the declarant must be aware that it was adverse to his penal interest; third, the declarant must have competent knowledge of the facts underlying the statement; and fourth, and most important, supporting circumstances independent of the statement itself must be present to attest to its trustworthiness and reliability.”
In this case, the requirements for admissibility as a statement against penal interest have been met. The declarant, Pino, is unavailable within the meaning of the exception, for two reasons: first, in looking at the most closely analogous procedure, the grand jury, “if the declarant was compelled to testify he would have received immunity pursuant to CPL 190.40” (People v Scalise, 70 AD2d 346, 349 [3d Dept 1979]), and, as such, is properly considered unavailable. As well, it is reasonable to assume that, absent any negotiated inducement, a separately charged defendant will not incriminate himself at trial, and is thus unavailable by virtue of invocating the privilege against self-incrimination (see People v Maerling, 46 NY2d 289, 296 [1978], citing People v Brown, 26 NY2d 88 [1970]).
In this instance, the incriminating statement at issue was made to the arresting officer, and was thus made with an awareness of unwelcome criminal consequences. The statement was also made by a party who had direct, firsthand knowledge of the *502 source of the marijuana; and the fact that the officer’s deposition includes allegations that defendant Leyva was indeed found to be in possession of marijuana sets forth circumstances independent of the statement itself which support the trustworthiness of Pino’s claim. Therefore, the allegations set forth a prima facie case and there is no basis for dismissal for facial insufficiency.
An information does not require proof beyond a reasonable doubt, but, rather, a prima facie case only; and this is because informations serve a wholly different purpose than trials. Accordingly, when assessing a statement made by a codefendant within the context of an accusatory instrument, the court must bear in mind that while the requirement of nonhearsay allegations (the prima facie requirement) has been described as a “much more demanding standard” than a showing of reasonable cause alone (People v Alejandro, 70 NY2d at 139, quoting 1968 Rep of Temp Commn on Rev of Penal Law and Crim Code, Introductory Comments at xviii), it is nevertheless a much lower threshold than the burden of proof beyond a reasonable doubt at trial (People v Henderson, 92 NY2d 677, 680 [1999]; People v Hyde, 302 AD2d 101 [1st Dept 2003]). Additionally, where the factual allegations contained in an information “give an accused sufficient notice to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]; see also People v Konieczny, 2 NY3d 569 [2004]; People v Jacoby, 304 NY 33, 38-40 [1952]; People v Knapp, 152 Mise 368, 370 [1934], affd 242 App Div 811 [1934]; People v Shea, 68 Mise 2d 271, 272 [1971]; People v Allen, 92 NY2d 378, 385 [1998]; People v Miles, 64 NY2d 731, 732-733 [1984]).
Furthermore, even though statements made by codefendants are ordinarily inadmissible at trial, this court finds that such statements may be properly included in informations. It is well-settled that “[t]he admission of a statement made by one defendant, who does not testify, containing references implicating a codefendant, violates the codefendant’s right to cross-examination guaranteed by the confrontation clause of the Sixth Amendment and, hence, is error” (Prince, Richardson on Evidence § 8-227 [Farrell 11th ed]; see also Bruton v United States, 391 US 123 [1968]; see also People v Hardy, 4 NY3d 192 [2005]). Additionally, it is well-settled that “[a]s a general rule, an admission made by one defendant is not binding upon a codefendant”
*503 (.People v Salko, 47 NY2d 230, 237 [1979]), unless the evidence establishes a prima facie case of conspiracy, in which case “the admissions of each conspirator made or done in the course and furtherance of the conspiracy are admissible against the others” (Prince, Richardson on Evidence § 8-236 [Farrell 11th ed]). Nevertheless, this court finds that the rule enunciated in Bruton as it applies to admitting a codefendant’s statement at trial does not bar its use in an information.
In considering whether the Bruton rule (that prohibits use of the nontestifying codefendant’s statements at trial) applies to accusatory instruments, the court must weigh not only the function and purpose of accusatory instruments, but the rationale for the Bruton rule itself as well. The application of the Bruton rule at a criminal trial insulates a defendant from a violation of the Confrontation Clause of the United States Constitution. However, since there is no right of confrontation in a grand jury proceeding, the admission of a nontestifying codefendant’s statement in a grand jury proceeding does not deprive a defendant of any right whatsoever (see People v Rocco, 229 AD2d 599 [2d Dept 1996]; People v Scalise, 70 AD2d 346 [3d Dept 1979]; People v Baddy, 142 Mise 2d 341 [Grim Ct, Sullivan County 1989]). Since an information serves the same basic function for misdemeanors as a grand jury proceeding does for felonies, and because a defendant has no right of confrontation or cross-examination in relation to an accusatory instrument, clearly, an expansion of Bruton to accusatory instruments is not warranted.
Defendant’s motion to suppress physical evidence is granted to the extent of ordering a Mapp/Dunaway hearing.
Defendant’s request for a bill of particulars and his demand for discovery are granted to the extent indicated in the People’s response and voluntary disclosure form.
Defendant’s Sandoval application is deferred to the trial court.