OPINION OF THE COURT
Steven M. Statsinger, J.
This court occasionally is presented with an accusatory instrument that alleges the use of electronic technology in a way that is not covered by the particular Penal Law section charged. (See e.g. People v Stone, 43 Misc 3d 705 [Crim Ct, NY County 2014] [no “display” of a weapon where defendant texted a picture of himself holding a knife]; People v Barber, 42 Misc 3d 1225[A], 2014 NY Slip Op 50193[U] [Crim Ct, NY County 2014] [dismissing “revenge porn” prosecution].) The information here, albeit in a small way, presents the same type of issue. Because, as a matter of first impression, the court concludes that a person’s work email address is not her “place of employment or business” for purposes of the stalking statute (Penal Law § 120.45 [3]), defendant’s motion to dismiss that count is granted. The motion to dismiss the remaining counts, however, is denied.
I. Factual Background
A. The Allegations
On January 23, 2015, defendant accused the complainant, her former girlfriend, of assaulting her. Defendant later admitted that the accusation was untrue and the assault charge against the complainant was dismissed and sealed.
Between January and April of 2015, defendant bombarded the complainant with text messages, Instagram messages and emails, both to the complainant’s personal and work email addresses, all asserting her desire to be with the complainant.
During this same period, the complainant saw the defendant waiting outside of the complainant’s apartment building and, on three different occasions, defendant found the complainant in a bar, even though the complainant had not told the defendant she would be there. On one of those occasions, the complainant grabbed the defendant by the neck and, after the *564 complainant asked the defendant to leave, defendant waited outside the bar for two hours then followed the complainant for two blocks. On another occasion, the defendant again followed the complainant for two blocks after the complainant left the bar, telling her, “I won’t leave you alone. I’ll never stop.”
Defendant’s conduct caused the complainant to fear for her safety.
B. Legal Proceedings
Defendant was arraigned April 9, 2015 on a misdemeanor complaint charging her with two counts of stalking in the fourth degree, in violation of Penal Law § 120.45 (2) and (3). The court released the defendant on her own recognizance and adjourned the case for conversion.
On April 27, 2015, the People filed a superseding information charging the defendant with falsely reporting an incident in the third degree, Penal Law § 240.50 (3) (a), and two counts of stalking in the fourth degree, in violation of Penal Law § 120.45 (2) and (3).
Defendant filed the instant motion on May 18, 2015. The People declined to respond, and the matter has been sub judice since then.
II. The Information
The superseding information, sworn out by the complainant, provides that
“[o]n January 23, 2015, at approximately 10:00 PM, I was arrested because the defendant claimed that I assaulted her. I was arraigned in New York County Criminal Court on January 24, 2015, before Judge Sokoloff. The defendant later admitted that no assault had occurred and that she made the report so that I would not get an order of protection against her. On March 30, 2015, the District Attorney’s Office dismissed the assault case against me, and it was immediately sealed.
“From January 17, 2015 to April 17, 2015, I have received over 100 Instagram messages from the defendant. Specifically, one of the messages stated, T wish you would let me find you tonight’ and Til always be by your side.’ From January 17, 2015 to April 8, 2015, I have received approximately 10-15 emails from the defendant at both my work and personal email addresses. From January 17, 2015 *565 to January 19, 2015,1 have received approximately 80 [calls] from a phone number which I know belongs to the defendant.
“On February 25, 2015, at approximately 11:00 PM, I entered the Bowery Electric at 327 Bowery. The defendant arrived approximately one hour later and grabbed me by the neck, startling me. I did not tell the defendant that I was at that location. After I asked the defendant to leave, she waited for me outside the location for approximately two hours. When I attempted to leave, the defendant followed me for approximately two blocks.
“On March 24, 2015, at approximately 9:00 PM, I entered Hotel Chantelle located at 92 Ludlow Street. The defendant arrived at 10:00 PM and approached me inside the bar. I did not tell the defendant that I was at that location and when I attempted to leave the bar, the defendant followed me for approximately two blocks. The defendant stated to me in substance, T won’t leave you alone. I’ll never stop.’
“On March 30, 2015, at approximately 1:15 AM, the defendant came to my apartment building and stood outside waiting on me.
“On April 8, 2015, at approximately 8:50 PM, at 106 Norfolk Street, I entered the bar at that location to meet a friend. The defendant entered at approximately 10:00 PM. I did not tell the defendant that I was at that location.
“The defendant’s above described conduct has caused me to fear for my physical health and safety.”
III. Discussion
The court agrees with the defendant that the information does not make out a prima facie case of stalking in the fourth degree under Penal Law § 120.45 (3). The conduct alleged in the information fails to make out the statutory requirement that the conduct take place at the complainant’s “place of employment or business.” The remaining counts, however, are facially sufficient.
A. Facial Sufficiency in General
A misdemeanor information serves the same role in a misdemeanor prosecution that an indictment serves in a felony pros *566 ecution: It ensures that a legally sufficient case can be made against the defendant. (People v Dumay, 23 NY3d 518 [2014]; People v Alejandro, 70 NY2d 133, 138-139 [1987].) Accordingly, a misdemeanor information must set forth “nonhearsay allegations which, if true, establish every element of the offense charged and the defendant’s commission thereof.” (People v Kalin, 12 NY3d 225, 228-229, citing People v Henderson, 92 NY2d 677, 679 [1999], and CPL 100.40 [1] [c].) This is known as “the prima facie case requirement.” (Kalin, 12 NY3d at 229.)
The prima facie case requirement does not necessitate that an information allege facts that would prove a defendant’s guilt beyond a reasonable doubt. (People v Jennings, 69 NY2d 103, 115 [1986].) Rather, the information need only contain allegations of fact that “give an accused sufficient notice to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense.” (People v Casey, 95 NY2d 354, 360 [2000].) A court reviewing for facial insufficiency must subject the allegations in the information to a “fair and not overly restrictive or technical reading” {id.), assume that those allegations are true, and consider all reasonable inferences that may be drawn from them. (CPL 100.40, 100.15; People v Jackson, 18 NY3d 738, 747 [2012]; see also Casey, 95 NY2d at 360.)
B. The count charging Penal Law § 120.45 (3) is facially insufficient.
The only conduct alleged in the information that has anything at all to do with the complainant’s employment, the gravamen of the offense made out by Penal Law § 120.45 (3), is the allegation that defendant sent 10 to 15 emails to the complainant’s work email address. This does not make out a violation of Penal Law § 120.45 (3), which requires the People to establish that the
“[defendant] intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct: . . .
“3. is likely to cause such person to reasonably fear that his or her employment, business or career is threatened, where such conduct consists of appearing, telephoning or initiating communication or contact at such person’s place of employment or business, and the actor was previously clearly informed to cease that conduct.” (Emphasis added.)
*567 Penal Law provisions are to be construed “according to the fair import of their terms to promote justice and effect the objects of the law.” (Penal Law § 5.00.) It would be contrary to the required method of statutory interpretation to find that a person’s work email address is her “place of employment or business.”
1. An email address is not a place of employment or business.
The “fair import” of the phrase “place of employment or business” is that it refers to an actual, physical location. New York courts consistently use the phrases “place of employment” and “place of business” in this way. Thus, for example, in Rosario v NES Med. Servs. of N.Y., P.C. (105 AD3d 831, 833 [2d Dept 2013]), the Court noted that a person’s “actual place of business” for service of a summons and complaint under CPLR 302 (2) is “where the person is physically present with regularity, and that person must be shown to regularly transact business at that location.” Similarly, in Matter of Hille v Gerald Records (23 NY2d 135 [1968]), a record executive’s home was his “place of employment” for purposes of a workers’ compensation claim because he frequently took tapes home for editing. Such actual, physical locations are simply not the same as an email address. In fact, New York courts occasionally allow service to an email address as an alternative method of service, under CPLR 308 (5), which indicates that an email address is treated as something distinct from an actual, physical location. (Matter of Keith X. v Kristin Y., 124 AD3d 1056 [3d Dept 2015].)
Although this court has concluded that the CPLR does not apply in criminal cases (People v Defreitas, 48 Misc 3d 569 [Crim Ct, NY County 2015]), it nevertheless makes good sense, absent a contrary instruction from the legislature, to interpret the same phrase in the same way across all areas of practice. Thus, given New York courts’ consistent view that the phrases “place of employment” and “place of business” refer only to a physical location, this court will apply that same definition here. It would stretch the “fair import” of the phrase beyond all recognition to consider a complainant’s work email address as her “place of employment or business” for purposes of Penal Law § 120.45 (3).
Nor would likening an email address to an actual, physical location either “promote justice” or “effect the objects” of section 120.45 (3). Section 120.45 was added to the Penal Law in 1999 because “criminal stalking behavior, including threaten *568 ing, violent or other criminal conduct” had by then “become more prevalent in New York state in recent years.” (L 1999, ch 635, § 2 [discussing the legislature’s intent].) While the inclusion of a provision dealing with stalking in connection with the victim’s employment is not specifically discussed in the legislative history to section 120.45, the overall goal of the legislation was to “recognize the damage to public order and individual safety caused by” stalkers, in terms of both the “emotional and physical harm” caused to the victims. (Id.)
The court recognizes that stalking behavior in connection with a person’s employer can pose risks of emotional and physical harm to the victim equivalent to the other forms of stalking covered by the other subdivisions of section 120.45. Nevertheless, including an email address within the purview of the phrase a “place of employment or business” does not specifically further either justice or the statute’s goals. The conduct of repeatedly emailing a person with no legitimate purpose other than to cause her emotional harm is completely subsumed within the conduct specified in section 120.45 (2), which covers “telephoning or initiating communication or contact with” the victim, including contact by email, irrespective of whether the email is sent to a personal or a work email address.
Accordingly, for these reasons, the court concludes that a person’s work email address is not her “place of employment or business” for purposes of the stalking statute.
2. Other Pleading Defects
Finally, even if the court were to conclude otherwise, the section 120.45 (3) count would still have to be dismissed. The information fails to allege that the emails sent to complainant’s work email address were unsolicited, which this court has held is required by the phrase “initiating communication.” (People v Kitsikopoulos, 47 Misc 3d 1220[A], 2015 NY Slip Op 50714[U] [Crim Ct, NY County 2015].) It also fails to allege that the defendant was “clearly informed to cease” sending emails to the complainant’s work address, another necessary element.
Accordingly, for all of these reasons, the count charging defendant with violating Penal Law § 120.45 (3) is dismissed.
C. The remaining counts are facially sufficient.
The court rejects defendant’s challenges to the remaining counts. As to the count charging falsely reporting an incident in the third degree (Penal Law § 240.50 [3] [a]), defendant complains that there is no nonhearsay allegation that the as *569 sault the defendant reported to the police “d[id] not in fact occur.” But the information alleges that the defendant herself “admitted that no assault had occurred.” Contrary to defendant’s argument, this is not hearsay. It is both an admission by a party opponent (People v Heller, 180 Misc 2d 160 [Crim Ct, NY County 1998]), and a declaration against the defendant’s penal interest. (People v Leyva, 19 Misc 3d 498 [Crim Ct, NY County 2008].) The count charging a violation of section 120.45 (2) is likewise sufficiently pleaded. The conduct identified in the information is of the type specified in the statute. In addition, the information alleges a “course of conduct” — actions separated by time but united by a common purpose (see e.g. People v Kelly, 44 Misc 3d 1203[A], 2014 NY Slip Op 51001[U] [Crim Ct, NY County 2014])—reasonable to draw the inference that the defendant’s conduct had “no legitimate purpose” other than to cause material harm to this complainant’s mental state. Finally, the information sufficiently alleges that the conduct continued after the complainant clearly told the defendant to stop. Specifically, it alleges that on February 25, 2015, the complainant told the defendant to leave the bar in which she had accosted the complainant, but the defendant instead waited outside the bar, followed the complainant for two blocks, then continued to stalk the complainant for nearly six more weeks.
D. Conclusion
The count charging defendant with violating Penal Law § 120.45 (3) is dismissed as facially insufficient. The motion to dismiss the remaining counts is denied.
IV. Conclusion
For the foregoing reasons, defendant’s motion to dismiss the count charging her with violating Penal Law § 120.45 (3) is granted. The motion is denied with respect to the remaining counts.