OPINION OF THE COURT
Steven M. Statsinger, J.
Defendant, charged with criminal contempt in the second degree (Penal Law § 215.50 [3]), moves to dismiss, arguing that the information is facially insufficient. The case raises a question of first impression: Does a defendant violate a full order of protection by making a request on Instagram to follow the complainant’s Instagram page? Because the answer to this question is clearly “yes,” defendant’s motion to dismiss for facial insufficiency is denied.
I. Factual Background
A. The Allegations
According to the accusatory instrument, on May 18, 2015, a judge of this court entered an order of protection in favor of the complainant, who was defendant’s former girlfriend. That order prohibited the defendant from contacting the complainant by any means, including electronic means.
On September 28, 2015, defendant made a request to follow the complainant’s Instagram page, which triggered a notification to the complainant that the defendant had made the request. The notification contained defendant’s Instagram screen name, which the complainant recognized.
B. The Underlying Order of Protection
The order of protection was entered in New York County Criminal Court on May 18, 2015, and bore an expiration date of November 17, 2015. As pertinent here, the order directed the defendant to “[r]efrain from communication or any other contact by mail, telephone, e-mail, voice mail or other electronic or any other means with” the complainant. A separate provision prohibited “third Party Contact.”
C. Legal Proceedings
Defendant was arraigned on November 22, 2015, on a misdemeanor complaint charging him with one count of criminal contempt in the second degree, in violation of Penal Law § 215.50 (3). The court set bail and adjourned the case for conversion. Defendant filed the instant motion to dismiss on February 11, 2016, and the People, given until March 21 to respond, declined to do so. The motion has been sub judice March 21.
*850 II. The Information
The misdemeanor complaint, sworn out by Detective Daniel Corcoran, provides that
“I am informed by [B.F.] . . . that [on September 28, 2015, in New York County] the defendant made contact with her via the social media website Insta-gram. Specifically, I am informed by [B.F.] that the defendant requested to follow [B.F.]’s page on In-stagram. This action triggered a notification to [B.F.] that the defendant had requested to follow her page. I am informed by [B.F.] that she knows that it was the defendant who requested to follow her page because she recognized the screen name ‘studionickandcampbeir as the screen name used by the defendant on Instagram.
“The defendant’s conduct is in direct violation of a valid Order of Protection, issued in New York County Criminal Court by Hon. Judge Kate Paek on May 18, 2015, in conjunction with Docket No. 2015NY031366. The order expired on November 17, 2015 and orders the defendant to refrain from contacting [B.F.] by electronic or any other means. The defendant signed the Order of Protection.”
The People filed the underlying order of protection at defendant’s arraignment and filed the supporting deposition of the complainant on December 17, 2015.
III. Discussion
Defendant is charged with criminal contempt in the second degree, in violation of Penal Law § 215.50 (3). He is alleged to have contacted the complainant through Instagram, in violation of an order of protection that directed him to refrain from contacting her electronically or through third parties. Defendant argues that the allegation that he made a request on In-stagram, which “triggered a notification by Instagram to” the complainant, did not violate the order of protection because there was “no direct communication” to her from the defendant. (Berkowitz aff ¶ 15.) For the reasons that follow, the court rejects this argument.
A. Facial Sufficiency in General
A misdemeanor information serves the same role in a misdemeanor prosecution that an indictment serves in a felony prosecution: It ensures that a legally sufficient case can be *851 made against the defendant. (People v Dumay, 23 NY3d 518 [2014]; People v Alejandro, 70 NY2d 133, 138-139 [1987].) Accordingly, a misdemeanor information must set forth “nonhear-say allegations which, if true, establish every element of the offense charged and the defendant’s commission thereof.” (People v Kalin, 12 NY3d 225, 228-229 [2009], citing People v Henderson, 92 NY2d 677, 679 [1999], and CPL 100.40 [1] [c].) This is known as “the prima facie case requirement.” (Kalin, 12 NY3d at 229 [internal quotation marks omitted and emphasis added].)
The prima facie case requirement does not necessitate that the information allege facts that would prove defendant’s guilt beyond a reasonable doubt. (People v Jennings, 69 NY2d 103, 115 [1986].) Rather, the information need only contain allegations of fact that “give an accused [sufficient notice] to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense.” (People v Casey, 95 NY2d 354, 360 [2000].) A court reviewing for facial insufficiency must subject the allegations in the information to a “fair and not overly restrictive or technical reading” {id.), assume that those allegations are true, and consider all reasonable inferences that may be drawn from them. (CPL 100.40, 100.15; People v Jackson, 18 NY3d 738 [2012]; see also Casey, 95 NY2d at 360.) Under this standard, the information here is facially sufficient.
B. Defendant’s Use of Instagram to Communicate with the Complainant Violated the Order of Protection
1. Facial Sufficiency Motions in Contempt Cases
When it comes to motions to dismiss that address the scope of an order of protection, the Court of Appeals has indicated that the preferred course in most such cases is to permit the defendant to assert the claim as a trial defense, rather than dismissing the case. (People v Konieczny, 2 NY3d 569, 577 [2004].) In addition, as this court has noted, public policy strongly counsels in favor of deterring defendants from violating orders of protection as a means of testing their validity, a policy that is best served by refraining from dismissing criminal contempt charges at the motion stage absent a truly compelling reason to do so. (People v Ellis, 45 Misc 3d 716 [Crim Ct, NY County 2014].)
Accordingly, a facial insufficiency motion should only be granted in a criminal contempt case involving the violation of an order of protection when the defect in the order is genuinely *852 clear on its face. Thus, for example, in People v Harrison (48 Misc 3d 1206[A], 2015 NY Slip Op 50992[U] [Crim Ct, NY County 2015]), this court dismissed a criminal contempt count because the order of protection that the defendant was accused of violating had not been signed by a judge and hence was not a “lawful mandate.” Similarly, in People v Muchuca (43 Misc 3d 1220[A], 2014 NY Slip Op 50727[U] [Crim Ct, NY County 2014]), this court dismissed where, due to a clerical error, the order of protection that the defendant was accused of violating bore an expiration date of January 2, 2013, instead of January 2, 2014. Since the 2013 date was before the date upon which the defendant was alleged to have violated the order, that order had “expired according to its own terms” before the offense had been committed, and the information was facially insufficient. (Muchuca, 2014 NY Slip Op 50727[U], *3-4, following People v Cordwell, 11 AD3d 731 [3d Dept 2004].) Finally, in People v Kelley (42 Misc 3d 1221 [A], 2014 NY Slip Op 50112[U] [Crim Ct, NY County 2014]), where a defendant was charged with violating an order of protection by telephoning the complainant, the court dismissed the contempt charge because the box on the order forbidding telephonic communication had not been checked.
On the other hand, in cases where a motion has been grounded on a claim that was not apparent from the face of the order of protection, courts have generally refused to dismiss. Thus, for example, in People v Rosario (44 Misc 3d 1204[A], 2014 NY Slip Op 51017[U] [Crim Ct, NY County 2014]), this court denied a motion to dismiss where the defendant claimed that he did not understand the terms of an order of protection because there was no Spanish interpreter present in court— none had been requested — when the order was entered. The court held that “[w]hether, and to what extent, defendant understood the [order] are questions for the finder of fact at trial.” (Rosario, 2014 NY Slip Op 51017[U], *6.) Similarly, in Konieczny (2 NY3d at 569), the Court of Appeals rejected a claim that a criminal contempt information was jurisdiction-ally defective because it was issued in favor of a party who was neither a victim nor a witness.
2. Instagram is, Amongst Other Things, a Means of Communication
Instagram, generally speaking, is a social networking application that enables its users to post, share and comment on photos and videos. It also has a messaging feature that allows *853 users to send messages to other users, either privately or to all of their followers.
It is accordingly clear that Instagram can be used as a means of direct communication between its users. Indeed, in People v Richards (50 Misc 3d 1216[A], 2016 NY Slip Op 50123[U], *2 [Rockland County Ct 2016]), the defendant and the complainant met in person and exchanged Instagram information; this was “the manner in which [they] kept in contact” for the next seven months. Similarly, in People v Marian (49 Misc 3d 562, 563 [Crim Ct, NY County 2015]), a stalking case, part of the stalking behavior was that the defendant “bombarded the complainant with text messages, Instagram messages and emails.”
3. Communication through Instagram is Forbidden by the Terms of a Full Order of Protection
Accordingly, the court has little trouble concluding that when the defendant sent the complainant a message through the In-stagram app this was “communication or any other contact by . . . other electronic or any other means,” and was forbidden by terms of the order of protection. The electronic communication originated with the defendant and ended up in the complainant’s Instagram inbox, where she saw it.
This remains true even though the specific allegation in the information is that the communication did not flow directly from the defendant to the complainant, since defendant asked Instagram, and not the complainant herself, for permission to view the complainant’s page, and Instagram forwarded that request to her. There is no reason to conclude that this forwarding was anything other than an automatic and automated feature built directly into the app, and thus there is also no reason to conclude that the communication was made only to Instagram, and not to the complainant.
The situation described here is exactly the same as if the defendant, using his iPhone, had asked Siri to place a call to the complainant, instead of dialing her number himself. Just as in this hypothetical there could be no legitimate claim that the defendant communicated only with Siri and did not himself telephone the complainant, here there can be no legitimate claim that the defendant communicated only with Instagram, and not with the complainant.
In any event, the order of protection also prohibited the defendant from communicating with the complainant through *854 third parties, so even an indirect electronic communication that was made only to Instagram, but was then forwarded to the complainant, would still violate the order.
Finally, to the extent that the defendant argues that he did not know or understand that a request he made to Instagram would be forwarded to the complainant, it will be for the finder of fact at trial to resolve that claim.
Accordingly, since the information alleges that the defendant communicated with the complainant electronically, even if through an electronic third-party intermediary, the information makes out a prima facie case that he violated the order of protection.
C. Conclusion
Defendant’s motion to dismiss for facial insufficiency is denied.
IV. Conclusion
For the foregoing reasons, defendant’s motions to dismiss for facial insufficiency is denied.