282 F.3d 74
 UNITED STATES of America, Appellee,
v.
George RIVERA, Ward Johnson, Luis Gautier, Ralph Hernandez, Jamie Cuevas, Victor Briggs, Anthony Briggs, Willie Claussen, Kenroy Prentice, George Vasquez, Elizabeth Velasquez, Desiree Sidberry, Ketty Turino, Andrew Simmons, Ruben Rodriquez, John Marrero, Vicki Dowdy, Madeline Rodriquez, Mark Sanchez, Albert Delmoral, Edgardo Delmoral, Anthony Garay, Veronica Aviles, Matthew Williams, Jonathan Lane Morris, Jr., Danny Delgado, Anthony Cruz, Michael Cole, Marshall Harrison, Dennis Lynch, and Anthony Rivera, Defendants,
Bob Lemon, a/k/a Robert Panton, and Walter David Cook, Defendants-Appellants.
 Docket No. 94-1339(L).
 Docket No. 94-1629.
 United States Court of Appeals, Second Circuit.
 Argued May 3, 2000.
 Decided June 21, 2000.
 Petition for Rehearing Filed August 15, 2000.
 Denied February 19, 2002.
 
 Jonathan C. Scott, Melville, NY, for Defendant-Appellant.
 Andrew J. Ceresney, Assistant United States Attorney (James B. Comey, United States Attorney, Southern District of New York, Baruch Weiss, Assistant United States Attorney, on the brief), New York, NY, for Appellee.
 Before: WALKER, Chief Judge, PARKER, Circuit Judge, and BUCHWALD, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant Walter David Cook has petitioned this court for rehearing based on our summary order of June 21, 2000 affirming Cook's conviction and sentence. We deny the petition, but write to explain why Cook's sentence was not unconstitutional under the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which was decided after our order had issued.
 
 BACKGROUND
 
 2
 Defendant-appellant Walter David Cook was convicted by a jury of possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841; conspiracy to distribute heroin, in violation of 21 U.S.C. § 846; participation in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; and possession of a firearm in the commission of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c). On October 26, 1994, the district court sentenced Cook in principal part, to life imprisonment plus five years. Cook appealed both the conviction and the sentence. We vacated and dismissed Cook's conviction on the conspiracy count, after the government conceded error on that point, but affirmed the conviction on the remaining counts and thus the sentence.
 
 
 3
 Five days after our order, the United States Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which Cook now cites in his petition for rehearing. Because we find that Apprendi poses no impediment to Cook's sentence, we adhere to the result of our original order and write only to explain why Apprendi does not change our analysis.
 
 DISCUSSION
 
 4
 Cook contends that Apprendi undermines his sentence, because the district court's choice of sentence was based, at least in part, on its finding of the quantity of drugs attributable to Cook. Cook argues that 21 U.S.C. § 841(b)(1)(C) provides a twenty-year maximum sentence in the absence of evidence of drug quantity. As a consequence, Cook argues, when a district court relies on its own finding of drug quantity in imposing a sentence longer than twenty years, it runs afoul of the rule announced in Apprendi. We believe Cook misperceives the relevant statutory maximum sentence in this case.
 
 
 5
 In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. We have recently applied that rule to a conviction for drug possession with intent to distribute under 21 U.S.C. § 841, holding that drug quantity must be proved to a jury beyond a reasonable doubt if the defendant is to receive a sentence longer than the twenty-year default maximum in § 841(b)(1)(C). See United States v. Thomas, 274 F.3d 655 (2d Cir.2001) (in banc) (on remand from the Supreme Court, 531 U.S. 1062, 121 S.Ct. 749, 148 L.Ed.2d 653 (2001)). In so holding, we joined the chorus of other circuits that have done so. See United States v. Nance, 236 F.3d 820, 825 (7th Cir.2000); United States v. Jones, 235 F.3d 1231, 1236 (10th Cir.2000); United States v. Doggett, 230 F.3d 160, 164 (5th Cir.2000); United States v. Angle, 230 F.3d 113, 123-24 (4th Cir. 2000); United States v. Rogers, 228 F.3d 1318, 1326-28 (11th Cir.2000); United States v. Nordby, 225 F.3d 1053, 1056 (9th Cir.2000); United States v. Rebmann, 226 F.3d 521, 524 (6th Cir.2000); United States v. Aguayo-Delgado, 220 F.3d 926, 931 (8th Cir.2000).
 
 
 6
 Integral to our holding in Thomas was the fact that Thomas, like Charles Apprendi, had been sentenced by the court to a term longer than the statutory maximum applicable on a jury verdict of guilt that contained no finding of drug quantity. 274 F.3d at 659. Apprendi applies solely to such super-maximum sentences. See United States v. Garcia, 240 F.3d 180, 183 (2d Cir.2001); United States v. White, 240 F.3d 127, 135 (2d Cir.2001). In assessing whether a defendant has received an impermissible sentence, we proceed on a count-by-count basis: we look to see whether "the sentencing court ..., on the basis of facts found by the court and not the jury, exceed the [maximum] sentence for a particular count." White, 240 F.3d at 135; see also Apprendi, 530 U.S. at 474, 120 S.Ct. 2348.
 
 
 7
 We find that Cook was not sentenced to a term beyond the statutory maximum applicable given the jury verdict alone, because § 841 does not supply the relevant statutory maximum sentence in this case. Cook was also convicted of violating the "continuing criminal enterprise" ("CCE") statute, 21 U.S.C. § 848, which carries a maximum sentence of life imprisonment. Because the district court sentenced Cook to life imprisonment based on his conviction for that count, not the § 841 count, his sentence did not offend Apprendi.
 
 
 8
 The transcript of the sentencing hearing reveals that the district court relied on the CCE count in sentencing Cook. Counsel for Cook and the government agreed that a base offense level of 36 was applicable,[1] and the government then requested a six-point "upward departure" based on U.S.S.G. § 2D1.5 (1988), the section applicable to violations of the CCE statute. Application Note 2 to section 2D1.5 stated at that time that "[i]f as part of the enterprise the defendant sanctioned the use of violence, if the quantity of drugs substantially exceeds that required for level 36 in the drug quantity table, or if the number of persons managed by the defendant is extremely large, an upward departure may be warranted." U.S.S.G. § 2D1.5, cmt. n. 2 (1988). The transcript makes clear that the gravamen of the government's request for the departure, and the district court's decision to grant it, included both the "sanctioned use of violence" and the drug quantity attributable to Cook. Both grounds for departure, however, were derived from the CCE offense and its attendant Guideline, section 2D1.5, and Application Note.[2] That the district court in fact relied on the CCE count in imposing sentence means that the CCE statutory maximum sentence governs the application of Apprendi.[3]
 
 
 9
 Because Cook's life sentence did not exceed the statutory maximum applicable to the CCE count, the fact that the district court relied on judicial findings of drug quantity and "sanctioned use of violence" to increase his sentence is irrelevant. A court's reliance on such findings without exceeding the relevant statutory maximum does not open the resulting sentence to attack under Apprendi. See Garcia, 240 F.3d at 183. As a consequence, the result would be no different under the current version of Guidelines section 2D1.5, which directs courts to apply the greater offense level of 38 or 4 plus the level derived from the drug quantity table in section 2D1.1. See U.S.S.G. § 2D1.5(a) (2000). In sentencing a defendant to a life term on a CCE count, a court's reliance on the drug quantity table and its findings of drug quantity is irrelevant for Apprendi purposes.
 
 
 10
 Finally, there is no indication from the judgment form or the sentencing transcript that the district court intended to impose concurrent sentences on the possession and conspiracy counts. Even if the district court meant to impose concurrent life sentences, however, any error would be certainly harmless. Because Cook could properly be sentenced to life imprisonment on the CCE count, a concurrent sentence on other counts is irrelevant to the time he will serve in prison, and we can think of no collateral consequences from such erroneous concurrent sentences that would justify vacating them. See Fed.R.Crim.P. 52(a); United States v. Miller, 246 F.2d 486, 488 (2d Cir.1957) (holding that identical concurrent sentences on multiple counts would render harmless flawed charge on one of the counts); see also White, 240 F.3d at 134 (applying harmless error review to Apprendi claim).
 
 CONCLUSION
 
 11
 For the foregoing reasons, we decline to depart from our order of June 21, 2000 affirming Cook's conviction and sentence.
 
 
 
 Notes:
 
 
 *
 The Honorable Naomi Reice Buchwald of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 Both section 2D1.1 (the Guidelines section applicable to § 841 violations) and section 2D1.5 (the section applicable to § 848 violations) would provide a base offense level of 36See U.S.S.G. §§ 2D1.1, 2D1.5 (1988). The 1988 Guidelines were applied by the district court, as in effect at the date of the last of Cook's offenses, to avoid offending the constitutional prohibition on ex post facto laws. See United States v. Fitzgerald, 232 F.3d 315, 318 (2d Cir.2000).
 
 
 [2]
 The district court confused matters somewhat when it granted the four-level enhancement by stating that it was "using guidelines amended section 2D1.1 [that applicable to violations of 21 U.S.C. § 841] as a guideline." Given the context of the statement, however, we construe it as an oblique reference to the drug quantity factor included in application note 2 to Guidelines section 2D1.5
 
 
 [3]
 GivenApprendi's count-by-count approach, see White, 240 F.3d at 135, Cook's five-year consecutive sentence on the additional gun possession count does not change our analysis: § 848 and § 924(c) were charged in separate counts and have separate penalty maxima.