**UNITED STATES of America,**
**Appellee,**

v.

**Ellva SLAUGHTER, also known as**
**Ricardo Slaughter, Defendant–**
**Appellant.**

**Docket No. 03–1684.**

United States Court of Appeals,
Second Circuit.

Argued: Oct. 6, 2004.

Decided: Oct. 14, 2004.

Domenick J. Porco, Scarsdale, New York, for Defendant–Appellant.

John P. Collins, Jr., Assistant United States Attorney (David L. Jaffe, Marc A. Weinstein, Assistant United States Attorneys, of counsel, David N. Kelley, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, New York, for Appellee.

Before: MINER, CABRANES, and STRAUB, Circuit Judges.

PER CURIAM.

Defendant appeals from a judgment of the United States District Court for the Southern District of New York (Charles L. Brieant, *Judge*), convicting him, after a jury trial, of knowingly and intentionally possessing a firearm and ammunition, in and affecting commerce, after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

Defendant raises five separate challenges to his conviction and sentence. We consider each in turn.

■ Defendant argues that the District Court failed to impanel an impartial jury by erroneously denying a defense challenge to a juror and by impaneling a jury without any African–American jurors. Defendant acknowledges that the jury was selected in accordance with the jury selection processes approved by this Court in *United States v. Gluzman*, 154 F.3d 49, 50–51 (2d Cir.1998) (per curiam). There is no reason to reconsider that decision here. Additionally, this Court has held that "so long as the jury which was *ultimately selected* was fair and impartial," a criminal defendant "may not successfully claim deprivation of his sixth amendment or due process rights." *United States v. Towne*, 870 F.2d 880, 885 (2d Cir.1989) (emphasis in original); *see also United States v. Morales*, 185 F.3d 74, 84 (2d Cir.1999) ("[Defendant]'s voir dire challenge thus fails because he has neither shown bias on the part of the challenged jurors nor demonstrated any impartiality on the part of the jurors who were actually selected."). De-

fendant here has made no claim that the jury ultimately selected was not fair or impartial, and this argument must thus fail.

Defendant next argues that the District Court committed reversible error by admitting at trial over objection purportedly hearsay testimony concerning a civilian who pointed to the discarded weapon, allowing the policeman to recover it. We have held that "[a] trial court's decision regarding the admissibility of evidence will be overturned only upon a showing of abuse of discretion." *United States v. Brady*, 26 F.3d 282, 286 (2d Cir.1994).

■ It bears recalling that:

Testimony containing hearsay may be admissible not for its truth but as background information if (1) "the non-hearsay purpose by which the evidence is sought to be justified is relevant," and (2) "the probative value of this evidence for its non-hearsay purpose is [not] outweighed by the danger of unfair prejudice resulting from the impermissible hearsay use of the declarant's statement." Two common scenarios in which the admission of testimony as background evidence may be appropriate are as testimony "helpful in clarifying noncontroversial matter[s] without causing unfair prejudice on significant disputed matters," and as "appropriate rebuttal to initiatives launched by the defendant."

*Ryan v. Miller*, 303 F.3d 231, 252–53 (2d Cir.2002) (quoting *United States v. Reyes*, 18 F.3d 65, 70 (2d Cir.1994)).

■ Applying this standard, we conclude that the testimony about the pointing was proffered for a legitimate purpose— namely, explaining how the officer came to find the weapon—and that the probative value of the evidence is not outweighed by any danger of unfair prejudice. We thus hold that it was not an abuse of discretion for the District Court to allow the testimony in these circumstances.

■ With respect to the witness who pointed out the gun, defendant claims that the District Court's uncalled witness instructions were erroneous and constituted reversible error. Defendant requested a "missing witness" instruction, allowing the jury to draw an adverse inference against a party failing to call a witness when the witness is peculiarly within the control of that party, but the District Court determined that the witness was available to both sides and therefore issued an "equally available witness" instruction, permitting the jury to draw an inference against either side. We considered these two instructions in *United States v. Caccia*, where we stated that "the giving of missing witness instructions is generally a matter left to the discretion of the trial judge." *Caccia*, 122 F.3d 136, 139 (2d Cir.1997); *see also United States v. Adeniji*, 31 F.3d 58, 65 (2d Cir.1994) ("The decision whether to give a missing witness instruction is within the discretion of the trial court, and its failure to give the instruction rarely warrants reversal."). Although we noted in *Caccia* that our recent view is that an "equally available witness" instruction permitting an inference against either party is "inappropriate" when a witness is available to both sides, *id.* at 139 (citing *Adeniji*, 31 F.3d at 65), we conclude that the District Court's instructions do not constitute an abuse of discretion under the standard there enunciated because, in the circumstances presented, the witness was not so peculiarly within the Government's control as to require the "missing witness" instruction and no prejudice resulted from the instruction.

■ Defendant argues that the District Court improperly applied the reckless endangerment enhancement under § 3C1.2 of the Sentencing Guidelines.

The District Court applied the enhancement after finding recklessness based on defendant's throwing the loaded handgun in an area where children were playing. "We review a district court's legal interpretations of the Sentencing Guidelines *de novo* and the factual findings supporting its offense level calculations for clear error." *United States v. Velez,* 357 F.3d 239, 241 (2d Cir.2004). In a similar context, the Tenth Circuit recently ruled that "the district court's ultimate determination that [defendant]'s conduct amounted to reckless endangerment is not clearly erroneous. Such conduct undoubtedly created a substantial risk of death or serious bodily injury to those children and to the other bystanders around the complex, and was certainly a gross deviation from the standard of care that a reasonable person would exercise in such a situation." *United States v. Brown,* 314 F.3d 1216, 1221 (10th Cir.2003), *cert. denied,* 537 U.S. 1223, 123 S.Ct. 1338, 154 L.Ed.2d 1083 (2003). We fully agree with this conclusion and adopt this approach. We therefore decline to find error in the District Court's determination.

Defendant also challenges the District Court's enhancement for reckless endangerment on the basis of the Supreme Court's decision in *Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Recently, however, we decided that we would adhere to the existing law of the Circuit until such time as the Supreme Court determines that the reasoning of *Blakely* is to apply to the Federal Sentencing Guidelines. *United States v. Mincey,* 380 F.3d 102, 106 (2d Cir.2004). Under the existing law of our Circuit, as set forth in *United States v. Thomas,* 274 F.3d 655, 664 (2d Cir.2001) (in banc), and other cases, there is no basis upon which to challenge the enhancement.

We have considered all of defendant's claims on appeal and found them to be without merit. We therefore AFFIRM the judgment of the District Court. The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* No. 04–104, — U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838, 2004 WL 1713654 (U.S. *cert. granted* Aug. 2, 2004) (mem.), and *United States v. Fanfan,* No. 04–105, — U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838, 2004 WL 1713655 (U.S. *cert. granted* Aug. 2, 2004) (mem.). Should any party believe there is a special need for the District Court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*