**UNITED STATES of America,**
**Appellee,**

v.

**James SABATINO, Defendant–**
**Appellant.**

**No. 03–1752.**

United States Court of Appeals,
Second Circuit.

Dec. 9, 2004.

Stephen J. Ritchin, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (Celeste L. Koeleveld, Assistant United States Attorney, on the brief), for Appellee.

Robin C. Smith, Brooklyn, N.Y, for Defendant–Appellant.

PRESENT: CALABRESI, B.D. PARKER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant James Sabatino ("Sabatino") appeals from the judgment of the district court (Brieant, *J.*, McMahon, *J.*, Smith, *M.J.*) convicting him of conspiracy to commit mail and wire fraud, under 18 U.S.C. § 371, and conspiracy to commit identity fraud, under 18 U.S.C. § 1028(f). On November 17, 2003, Sabatino was sentenced to 60 months' imprisonment on the mail and wire fraud charges, and to 137 months' imprisonment on the identity theft charges; the sentences were to be served concurrently.

Sabatino's appeal turns principally on the arguments (1) that his guilty plea was not voluntary and (2) that the court abused its discretion in prescribing and ordering the specific terms of his pre-conviction incarceration. Sabatino also claims (3) that he was excessively sentenced in light of *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

We review challenges to guilty pleas that are made for the first time on appeal for plain error. *See United States v. Gutierrez Rodriguez,* 288 F.3d 472, 476 (2d Cir.2002). Given the searching and thorough questioning by the court at Sabatino's plea allocution, the court did not err,

let alone plainly err, in deeming his plea to be knowing and voluntary. *See Bousley v. United States,* 523 U.S. 614, 618–19, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *see also United States v. Gonzalez,* 970 F.2d 1095, 1101 (2d Cir.1992) (noting that a defendant's statements at his plea allocution are "conclusive absent credible reason[s] justifying departure from their apparent truth") (internal citations omitted).

■ Moreover, because Sabatino has since been moved to a different prison facility, challenges concerning the proper scope of the court's discretion in ordering terms of Sabatino's pre-conviction incarceration are, in their current form, moot.

■ Finally, since Sabatino stipulated in his plea agreement to all of the enhancements that were ultimately used by the court to determine his sentence and since he did not dispute these enhancements during sentencing, *Blakely* concerns simply are not implicated. *See Blakely v. Washington,* — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We note, moreover, that even if the court had enhanced his sentence based on facts that were neither stipulated to nor found by a jury to be true beyond a reasonable doubt, we would not have cause, at this point, to grant relief to Sabatino.

In *United States v. Mincey,* 380 F.3d 102, 106 (2d Cir.2004), we decided that we would adhere to the existing law of the circuit until such time as the Supreme Court determines that the reasoning of *Blakely* is to apply to the Federal Sentencing Guidelines. *See, e.g., United States v. Slaughter,* 386 F.3d 401 (2d Cir.2004).

We have considered all of Sabatino's arguments and find them to be without merit. We therefore AFFIRM the judgment of the district court.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* — U.S. —,

125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* — U.S. —, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address Sabatino's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*