**Heidi EVERTS, individually and as Executrix of the Estate of Timothy Everts, Plaintiff–Appellant,**

v.

**ALTEC INDUSTRIES, INC., Defendant–Third Party Plaintiff–Appellee,**

**Niagara Mohawk Power Corporation, Third Party Defendant.**

No. 05–1824.

United States Court of Appeals, Second Circuit.

Dec. 15, 2005.

Angela J. Mason (Joseph D. Lane, Cochran, Cherry, Givens, Smith, Lane & Taylor, P.C., Dothan, AL; John A. DeFrancisco, DeFrancisco Law Firm, Syracuse, NY, on the brief), Cochran, Cherry, Givens, Smith, Lane & Taylor, P.C., Dothan, AL, for Appellant.

Robert J. Smith (Robert H. Hood, Robert H. Hood, Jr., Hood Law Firm, LLC, Charleston, SC, on the brief), Costello Cooney & Fearon LLP, Syracuse, NY, for Appellee.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

SUMMARY ORDER

Plaintiff Heidi Everts ("Mrs.Everts") brought this wrongful death action, which defendants removed to federal court on the basis of diversity jurisdiction, alleging that Altec Industries, Inc. ("Altec") was liable for the fatal electrocution of her husband, Timothy Everts ("Everts"), while he was working on power lines in an AN–652 aerial lift that Altec manufactured. Everts' employer, third party defendant Niagara Mohawk Power Corporation, had provided him training concerning certain protective devices—rubber gloves, rubber sleeves, blankets and line hoses. Although company policy and Occupational Safety and Health Administration regulations required that electrical line workers use such protective devices, Everts was not complying with those requirements on May 8, 2000, when the lift in which he was working came into contact with an electrical line, causing a current to run into the lift's upper boom, through the control handle and into Everts' hand.

In this action, Mrs. Everts asserted several claims against Altec on the basis that the AN–652 was defectively designed because it did not properly isolate or insulate the controls from other exposed metal components and that Altec failed to provide an appropriate warning on the AN–652 to alert workers to the danger of electrocution through the controls. Following a trial on the merits, a jury rendered a verdict in favor of Altec, apportioning 100% of the responsibility for Everts' death to Everts himself.

On appeal, plaintiff contends that the District Court erred during the trial in the following four respects: (1) excluding evidence of certain remedial measures pursuant to Federal Rule of Evidence 407; (2) admitting the testimony of a defense expert, Helmut Brosz, who expressed the opinion that the bonding strap on the lift was necessary to prevent capacitance-related damage to the electrical components of the lift's control mechanism, despite the fact that the opinion had not been disclosed during discovery; (3) failing to provide a jury instruction concerning plaintiff's breach of implied warranty claim; and (4) suggesting in the charge that the jury should consider contributory negligence in the strict liability risk utility analysis.

Plaintiff argues that the District Court did not properly apply Federal Rule of Evidence 407, which prohibits the introduction of evidence concerning remedial measures taken after the event causing the injury for the purpose of proving "negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction." Fed. R.Evid. 407. According to plaintiff, the District Court misapplied the Rule by excluding evidence relating to the "Altec Boom Tip Cover Program" (the "cover

program") and a safety bulletin that Altec issued in August 2000 (the "bulletin").

 The District Court properly ruled that "[i]f it's a remedial measure after the incident occurred . . . then it may not come in." Tr. of Nov. 29, 2004 pretrial conference, at 8–9. The Court informed plaintiff, "You may question witnesses as to what they knew prior to May 2000, you may bring in evidence of what they may be, if there's some evidence of pre[-]May 2000 work if they're doing on some other safety feature, anything like that." *Id.* at 9. As the District Court later explained when considering plaintiff's motion to set aside the verdict and for a new trial pursuant to Federal Rule of Civil Procedure 59, "The Court never ruled that Plaintiff could not introduce evidence of decisions or actions that Defendant made or took before decedent's accident." *Everts v. Altec Indus., Inc.*, Memorandum–Decision and Order, at 13 (N.D.N.Y. Mar. 8, 2005). We find no abuse of discretion, *see United States v. Slaughter*, 386 F.3d 401, 403 (2d Cir.2004) (abuse of discretion review of decisions relating to admissibility of evidence), in the District Court's application of Rule 407 to permit plaintiff to introduce evidence concerning pre-May 2000 matters relating to the cover program, the bulletin or any other safety program, but not to permit plaintiff to introduce evidence relating to the implementation of the cover program and the issuance of the bulletin, both of which occurred after Everts' accident. Moreover, despite plaintiff's argument to the contrary, the subsequent remedial measures were not admissible to prove feasibility of alternative designs, as that issue remained undisputed. *See In re Joint E. Dist. and S. Dist. Asbestos Litig.*, 995 F.2d 343, 345 (2d Cir.1993) (subsequent remedial measure admissible if defendant contests feasibility). Altec stipulated to the economic and technical feasibility of the alternative designs that plaintiff suggested Altec should have employed.

The challenges to the introduction of Brosz's opinion on the necessity of the bonding strap, to the failure of the District Court to provide a jury instruction on plaintiff's breach of warranty claim and to the District Court's allegedly improper suggestion that the jury should consider Everts' contributory negligence in performing its strict liability risk utility analysis were not properly preserved, as plaintiff failed to lodge contemporaneous objections in the District Court. For substantially the reasons set forth by the District Court in its Memorandum–Decision and Order, we conclude that plaintiff has failed to show any material error, let alone any plain error, *see Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir.2005) ("Because the failure to object deprives the trial court of the opportunity to correct the error during trial, we will examine [claimed error] on appeal only for 'plain error'"), with respect to any of these contentions. *See Everts*, Memorandum–Decision and Order, at 6–13.

We have considered all of plaintiff's arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.