**UNITED STATES of America,**
**Appellee,**

v.

**Rafael PEREZ–LUNA, Defendant–**
**Appellant.**

No. 05–0669–cr.

United States Court of Appeals,
Second Circuit.

Dec. 20, 2005.

Marc P. Berger, Assistant United States Attorney (Harry Sandick, Assistant United States Attorney), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee, of counsel.

Neil S. Cartusciello (Diane K. Weeks), New York, N.Y., for Defendant–Appellee, of counsel.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Rafael Perez–Luna appeals his conviction and sentence, following a jury trial, on one count of possession with intent to distribute heroin and one count of conspiracy to distribute and possess with intent to distribute heroin. Perez–Luna challenges the sufficiency of the evidence to sustain both the possession and the conspiracy charge. Perez–Luna also argues (1) that the admission of certain testimony adduced by the government violated his Confrontation Clause rights as established in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); (2) that the district court improperly curtailed his cross-examination of the government's principal witness; (3) that the government's delay in producing certain testimony, and the district court's subsequent refusal to admit the testimony into evidence or grant a continuance, violated his due process rights; (4) that the government overstated its evidence against him in securing his extradition from the Dominican Republic; and (5) that the district court's sentencing was unreasonable.

We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

Perez–Luna was arrested on the evening of August 31, 1994. Drug enforcement agents had followed an individual named Will Adames ("Adames") from a suspected drug location to a Bronx apartment building. The agents confronted Adames outside the apartment building and discovered

that he was carrying a box containing "glassines," which are typically used to distribute heroin. The agents elicited that Adames was carrying the glassines to apartment 4D ("the apartment"), and accompanied Adames to the fourth floor. Once there, the agents positioned Adames in front of the peephole of the apartment's front door, and one of the agents knocked on the door. No one answered for a minute or two, and the agents subsequently began to walk down the stairs. Suddenly, the officers heard glass shattering above them.

One of the agents, Agent Kaladi ("Kaladi"), ran down the stairs and into an alleyway adjacent to the apartment building. At the end of the alleyway was a fire escape. Kaladi testified that he saw Perez–Luna hanging onto the bottom rung of the fire escape with both hands. Kaladi ordered Perez–Luna to freeze, and Perez–Luna dropped to the ground. Kaladi noticed that Perez–Luna had a small amount of blood on both hands.

A search warrant was later executed for the apartment. Inside, agents found a total of 265.8 grams of heroin, mostly in individual containers in the hallway closet, in a kitchen cabinet above the refrigerator, and under the bed in the bedroom. In plain view on the kitchen table were heroin packaging paraphernalia, as well as sandwich bags and glassines containing heroin. The window off the bedroom exiting to the fire escape had been broken, apparently from the inside, and the window pane was sealed shut.

Perez–Luna was arrested and indicted. On October 26, 1994, Perez–Luna, who had been released on bond, failed to appear at a pretrial conference, and a bench warrant issued. He was arrested in April 2003 in the Dominican Republic in response to an extradition request from the United States government. A jury convicted Perez–

Luna on both counts after a three-day jury trial in March 2004. The district judge sentenced him to two concurrent terms of 78 months imprisonment, followed by four years of supervised release.

The only witnesses to testify at Perez–Luna's trial were two of the DEA agents, including Kaladi, who visited the apartment on the evening of Perez–Luna's arrest. No witnesses were presented who ever saw him either in the apartment or at any other drug-related location. The government proffered no forensic evidence, records, or belongings that linked Perez–Luna to the apartment or to its contents. No evidence was presented linking Perez–Luna directly to Adames or to anyone else associated with drug-related activity. The only evidence seized from Perez–Luna was a paging device.

We review challenges to the sufficiency of the evidence *de novo*. *United States v. Naiman*, 211 F.3d 40, 46 (2d Cir.2000). "We consider the evidence presented at trial in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government." *Id.* (internal quotation marks omitted). "Accordingly, we will not disturb a conviction on grounds of legal insufficiency of the evidence at trial if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Dhinsa*, 243 F.3d 635, 649 (2d Cir.2001) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

▮ A rational jury could have inferred from circumstantial evidence that Perez–Luna was present in the apartment. *See United States v. Jackson*, 345 F.3d 59, 66 (2d Cir.2003); *United States v. Roldan–Zapata*, 916 F.2d 795, 802 (2d Cir.1990). Given this, we cannot say that the evidence was insufficient to sustain a conviction for

possession with intent to distribute heroin. While it is true that "mere presence at the location of contraband does not establish possession," *United States v. Rodriguez*, 392 F.3d 539, 548 (2d Cir.2004), we have held that, where a defendant is admitted to an apartment in which large drug quantities are being packaged in plain view and is "left in complete control over it and its contents .... a jury could have reasonably concluded that [the defendant] was a member of [the] narcotics organization and possessed the heroin found in the apartment." *United States v. Gordils*, 982 F.2d 64, 72 (2d Cir.1992); *see also United States v. Soto*, 959 F.2d 1181, 1185 (2d Cir.1992).

■■■ It is quite possible, though we cannot be sure, that the possession conviction, and the quantity of drugs that were in plain view, formed an independent and adequate basis for the district court's 78–month sentence. If that was so, we do not need to reach whether it was proper to attribute to Perez–Luna custody and control of all 265.8 grams found in the apartment, including the drugs that were not in plain view. And, because Perez–Luna is serving concurrent sentences on the possession and the conspiracy counts, we do not need to reach the more difficult question of whether the evidence presented at trial was sufficient to sustain a conspiracy conviction. *See United States v. Rivera*, 282 F.3d 74, 77–78 (2d Cir.2002) (per curiam); *United States v. Berger*, 338 F.2d 485, 488 (2d Cir.1964). Nor do we need to determine whether *Crawford* or *Brady* errors were committed below, as each of these alleged errors, if proven, would be harmless as to possession, in light of the independent evidence of possession presented to the jury.[1]

Because we cannot be sure of the basis for Perez–Luna's sentence, we remand, retaining jurisdiction. *See United States v. Jacobson*, 15 F.3d 19 (2d Cir.1994). The mandate will issue if the district court determines that the quantity of drugs found in the apartment in plain view was sufficient for a sentence of 78 months on the possession charge. Otherwise, we will rule on the propriety of attributing to Perez–Luna custody and control of all 265.8 grams found in the apartment in applying the Sentencing Guidelines to the possession conviction. If further necessary, we will rule on Perez–Luna's challenge to the sufficiency of the evidence in support of his conspiracy conviction and, if appropriate, the other conspiracy-related issues Perez–Luna raises in this appeal.

We have considered all of the parties' remaining arguments and find them to be without merit. The decision of the district court is therefore AFFIRMED in part and REMANDED for clarification of the basis for Perez–Luna's sentence.

**YI LIN ZHANG, Petitioner,**

v.

---

1. Perez–Luna also argues that the evidence presented in support of the government's extradition application was overstated. Any error resulting from such an allegation is not rendered harmless by our affirmance of Per-ez–Luna's possession conviction. His argument, however, is without merit. The alleged discrepancy between the evidence presented at trial and the statement of evidence in the extradition application is trivial.