[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11038
Non-Argument Calendar

_____

D.C. Docket No. 5:92-cr-00082-CAR-CHW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PINKNEY CLOWERS, III,
a.k.a. Boo Boo,
a.k.a. DOG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(July 31, 2012)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Pinkney Clowers, III, appeals from the district court's denial of his motion for

reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  After review of the record and the parties' briefs, we affirm.

Mr. Clowers sought a reduction of sentence based on Amendments 505 and 750 to the Sentencing Guidelines, which have been made retroactive.  *See* U.S.S.G. § 1B1.10(c).  The district court ruled that Mr. Clowers was not entitled to a reduction because he had received a statutory mandatory sentence of life imprisonment for engaging in a continuing criminal enterprise (Count 18) in violation of 21 U.S.C. § 848(a).  *See* D.E. 945 (stating reasons for denial of § 3582(c)(2) motion).[1]  *See also* D.E. 690 at 6 (statement of reasons for amended criminal judgment)  (adopting Presentence Investigation Report); Presentence Investigation Report ¶ 163 (indicating that Mr. Clowers faced a statutory mandatory sentence of life imprisonment on Count 18).

The district court correctly denied Mr. Clower's motion.  A sentence reduction is "not authorized" if the applicable amendment "does not have the effect of lowering the defendant's applicable guideline range," U.S.S.G. § 1B1.10(a)(2)(b), and here the statutorily mandated sentence of life imprisonment "effectively displace[d]" the

---

[1] Mr. Clowers says that he never received the district court's statement of reasons for denial of his § 3582(c)(2) motion.  Assuming that is correct, Mr. Clowers was apprised of the district court's rationale in the government's response brief (which quoted the district court's language) and had the opportunity to address that rationale in his reply brief.

otherwise applicable range for Mr. Clowers under the Sentencing Guidelines and "bec[a]me[ ] the guideline sentence" for him. *See United States v. Williams*, 549 F.3d 1337, 1340 (11th Cir. 2008). Because Mr. Clowers was not sentenced based on the offense levels in U.S.S.G. § 2D1.1, Amendments 505 and 750 did not have the effect of lowering his statutory mandatory sentence of life imprisonment. *See id.* at 1340-41; *United States v. Pope*, 58 F.3d 1567, 1572 (11th Cir. 1995) (per curiam).

Mr. Clowers argues that he should never have faced a statutory mandatory term of life imprisonment on Count 18 because the government charged him only under 21 U.S.C. § 848(a) and not 21 U.S.C. § 848(b). As Mr. Clowers sees it, § 848(b) sets forth a different (and more severe) offense than § 841(a), and the jury therefore was required to make the necessary factual findings (as to his leadership status and drug quantity) before he could be subject to a statutory mandatory penalty of life imprisonment under § 848(b). Although Mr. Clowers' argument as to § 848(b) is supported by dicta from a Second Circuit case, *see United States v. Torres*, 901 F.2d 205, 240 (2d Cir. 1990) ("[S]ection 848(b) requires the jury to find, beyond a reasonable doubt, elements in addition to those stated in section 848(a) . . . ."), the Second Circuit ruled after *Torres* that a district court can make the requisite findings necessary for a mandatory life sentence under § 848(b) because § 848(a) itself provides for a maximum sentence of life imprisonment. *See, e.g., United States v.*

3

*Rivera*, 282 F.3d 74, 76-77 (2d Cir. 2000) (per curiam).[2] *Torres*, therefore, does not help Mr. Clowers.

More importantly, Mr. Clowers's motion for reduction of sentence did not permit the district court to revisit rulings and findings made at the initial sentencing hearing. As the Supreme Court has held, "proceedings under § 3582(c) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt," and "§ 3582(c) "does not authorize a resentencing." *Dillon v. United States*, 130 S. Ct. 2683, 2692, 2694 (2010). Thus, Mr. Clowers was not entitled to use his motion for reduction of sentence to correct any alleged errors in the initial sentencing hearing. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (holding that, in a § 3582(c) proceeding, "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing").

**AFFIRMED.**

---

[2] We note that other circuits have come to the same conclusion as the Second Circuit in *Rivera. See, e.g.*, *United States v. Avila Vargas*, 570 F.3d 1004, 1007 n.2 (8th Cir. 2009); *United States v. Soto-Beniquez*, 356 F.3d 1, 44-45 (1st Cir. 2009); *United States v. Smith*, 223 F.3d 554, 563-66 (7th Cir. 2006).

4