23-7686-cr
*United States v. Franco*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-five.

Present:

> BARRINGTON D. PARKER,
> EUNICE C. LEE,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.

No. 23-7686-cr

MIGUEL ANGEL FRANCO,

*Defendant-Appellant.*

_____

For Appellee:

GEORGIA V. KOSTOPOULOS, Assistant United States Attorney (Danielle R. Sassoon, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

For Defendant-Appellant:                     ALLEGRA GLASHAUSSER, Of
                                             Counsel, Federal Defenders of New
                                             York, Inc., Appeals Bureau, New
                                             York, NY.

Appeal from an October 31, 2023 judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Miguel Franco appeals from a judgment revoking his supervised release and sentencing him to an aggregate term of 21 months of imprisonment, along with a new three-year term of supervised release, after finding him guilty of eight violations of supervised release. On appeal, Franco argues that: (1) his violation for inmate assault should be dismissed because his term of supervised release did not run while he was in custody, and (2) the district court abused its discretion by admitting hearsay evidence without good cause during his revocation hearing.

On May 18, 2022, Franco began a three-year term of supervised release following his sentence of imprisonment for a conviction of possession with intent to distribute a mixture or substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. Five months into Franco's supervised release, the district court issued a summons for Franco to appear in connection with several alleged violations of his supervised release. After Franco failed to appear, the district court issued a warrant for his arrest; the day after Franco's arrest in June 2023, while awaiting presentment on his release violations, Franco assaulted an inmate. In September 2023, the Probation Office issued a Third Amended Violation of Supervised Release

Report and Petition alleging seventeen supervised release violations, including two new violations based on the inmate assault.

At Franco's revocation hearing, the government pursued nine violations. The government introduced testimony of four witnesses, including two deputy marshals, a special agent from the Drug Enforcement Administration ("DEA"), and Franco's probation officer, in addition to various exhibits. To prove the assault violations, the government introduced a video recording of the assault, photos of the other inmate's injuries, and the inmate's hospital records. With regard to the drug trafficking violations, the government introduced photos of the narcotics Franco sold to a confidential informant and Franco's drug testing results. Franco objected on hearsay grounds to the DEA agent's testimony that a confidential informant told him that a person named "Hussey" had sold her drugs twice and that an unnamed member of the Bronx D.A.'s office identified Franco as "Hussey." The district court overruled Franco's objections.

Franco also moved to dismiss the inmate assault violations. First, Franco argued that he was not serving his term of supervised release at the time of the assault because he was incarcerated for supervised release violations in connection with his original conviction, and therefore his supervised release term was tolled pursuant to 18 U.S.C. § 3624(e), which states that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime." Second, Franco argued that the text of 18 U.S.C. § 3583(h), which indicates that defendants, after revocation and sentencing for a violation of supervised release, may be subject to a new term of supervised release, confirms that his supervised release was tolled during his time in custody on the violations. *See* 18 U.S.C. § 3583(h) ("When a term of supervised release is revoked and the defendant is required to serve a

3

term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment."). In opposition, the government argued that because Franco's supervised release was neither tolled nor revoked at the time of the assault, his supervised release was in full force and effect, and thus § 3624(e) and § 3583(h) were inapplicable. Rejecting Franco's argument that he did not commit the assault while on supervised release, the district court denied the motion to dismiss and found Franco guilty of eight of the nine charged violations.

At the revocation sentencing, the government recommended the maximum aggregate term of 24 months of imprisonment on the eight violations followed by a three-year term of supervised release, and the Probation Office recommended 21 months of imprisonment followed by a three-year term of supervised release. Franco's defense counsel requested a six-month sentence. After taking into account the nature of the offenses and expressing additional concern about Franco's general noncompliance with supervision, the district court sentenced Franco to 21 months on Specifications 14 and 15—relating to the aggravated drug trafficking violations— and 10 months on Specifications 2, 3, 4, 8, 11, and 13—relating to drug use, failure to participate in a required re-entry consultation at the Probation Office, failure to appear in court in response to a summons, and the inmate assault—all to run concurrently, with a new three-year term of supervised release for each specification, also to run concurrently.

\*       \*       \*

This Court reviews a district court's finding of a violation of supervised release "only for abuse of discretion, which can consist of an error of law or a clearly erroneous assessment of the

4

facts." *United States v. Edwards*, 834 F.3d 180, 199 (2d Cir. 2016). We review the district court's balancing of Rule 32.1 factors for abuse of discretion. *United States v. Williams*, 443 F.3d 35, 46 (2d Cir. 2006). The erroneous admission of hearsay is reviewed for harmless error. *United States v. Rivera*, 22 F.3d 430, 436 (2d Cir. 1994).

## I.     Violation for Assault While in Custody

"A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. § 3624(e). Franco cites § 3624(e) to support his argument that at the time he committed the assault on an inmate, he was imprisoned in connection with his original conviction, and therefore his supervised release was tolled. This specific issue remains unresolved in our Circuit, and neither the cases relied upon by Franco nor the government are exactly analogous to the circumstances here because they either involved different contexts or were pursuant to different statutory provisions.

However, we need not determine what circumstances of imprisonment qualify under § 3624(e) to resolve this appeal. Applying harmless error review, vacatur of Franco's concurrent ten-month sentence on the inmate assault violation would be "irrelevant to the time he will serve in prison" because Franco does not challenge the other violations for which he received a ten-month sentence and two other violations for which he received a twenty-one-month sentence. *United States v. Rivera*, 282 F.3d 74, 78 (2d Cir. 2000) (applying harmless error review to a defendant's challenge of a sentence where the defendant had a life sentence on an unchallenged separate count). Thus, assuming that there was error in the imposition of Franco's ten-month sentence, the error "was, indeed, harmless, because this sentence runs concurrently with" the other

5

violations with identical or longer sentences. *United States v. Jackson*, 658 F.3d 145, 153 (2d Cir. 2011); *see United States v. Miller*, 246 F.2d 486, 488 (2d Cir. 1957) (explaining that even if two of the three counts of which the defendant was convicted were found to have been defectively charged, any such error would be harmless, since the trial court imposed concurrent five-year sentences for all three counts).

## II.    Alleged Hearsay Statements

Franco also argues that the district court abused its discretion by admitting hearsay evidence regarding his identity in videos of drug transactions without good cause, as required by Federal Rule of Criminal Procedure 32.1(b)(2)(c).    Franco argues that he had a strong interest in cross-examining the confidential informant and the unnamed member of the D.A.'s office who identified him because the district court relied on the hearsay statements in ruling that the government met its burden on the drug specifications.    We disagree that the statements were improperly admitted.

"The Confrontation Clause of the Sixth Amendment does not apply to supervised-release revocation hearings." *Williams*, 443 F.3d at 45.    However, Rule 32.1 "provide[s] that in such a hearing the judge must give the defendant an opportunity to question any adverse witness, unless the judge determines that the interest of justice does not require the witness to appear." *Id*. (internal quotation marks omitted) (citing Fed. R. Crim. P. 32.1(b)(2)(C)).    If hearsay evidence is admitted under an established exception, the district court does not need to perform a good-cause analysis.    *Id*.    But if the admitted statement does not fall under an enumerated exception, "Rule 32.1 requires the court to determine whether good cause exists to deny the defendant the opportunity confront the adverse witness." *Id.*

6

Neither statement regarding Franco's identity in the video of the drug transactions was hearsay. The government agent's testimony that a confidential informant told him that a person named "Hussey," later identified as Franco, had sold her drugs is not hearsay because the confidential informant's identification was not offered for the truth of the matter asserted but rather for context to explain the agent's subsequent investigative efforts to determine the identity of "Hussey." Similarly, the agent's testimony that someone at the Bronx D.A.'s office identified a picture of "Hussey" as Franco was admitted to show the additional investigative steps taken by law enforcement. *See, e.g., United States v. Slaughter,* 386 F.3d 401, 403 (2d Cir. 2004) ("Testimony containing hearsay may be admissible not for its truth but as background information if (1) the non-hearsay purpose by which the evidence is sought to be justified is relevant, and (2) the probative value of the evidence for its non-hearsay purpose is [not] outweighed by the danger of unfair prejudice resulting from the impermissible hearsay use of the declarant's statement." (internal quotation marks omitted)).

Even assuming that the statements were hearsay and that the district court lacked good cause to admit them in compliance with Rule 32.1(b)(2)(C), the erroneous admission of the statements was harmless because the district court's ruling relied on its own viewing of the video evidence of Franco selling drugs to the confidential informant, in addition to the agent's identification of Franco in the video. *See* App'x at 104. ("The video and audio recordings together with the physical evidence recovered from the confidential informant show by a preponderance of the evidence that [Franco] engaged in the alleged conduct. The video recordings show [Franco] selling cocaine and fentanyl to a confidential informant."). Given the cited evidence, this Court "can conclude with fair assurance" that the admission of the statements

7

"did not substantially influence" the fact finder.  *United States v. Rea*, 958 F.2d 1206, 1220 (2d Cir. 1992).

For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court